**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

FILED

JUL 15 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JAMES DENNIS,

      Plaintiff,

v.                                                                                    Civil Action No.:  2:11cv____

WELLS FARGO BANK, N.A.,
FEDERAL HOME LOAN MORTGAGE
CORPORATION,
AND
SAMUEL I. WHITE, P.C.,

      Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Federal Home Loan Mortgage

Corporation, ("Freddie Mac") and Samuel I. White, P.C. ("SIW") (collectively, the

"Defendants"), by and through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, for their Memorandum in Support of Defendants' Motion to Dismiss Complaint of

plaintiff, James Dennis ("Plaintiff"), respectfully state as follows:

I.       **INTRODUCTION**

Plaintiff's Complaint arises from his attempt to modify his home mortgage loan with

defendant Wells Fargo through the federal Home Affordable Modification Program ("HAMP").

Plaintiff contends that Defendants are liable based upon certain HAMP "violations."

Quizzically, Plaintiff relies heavily upon instructions in a HAMP "Supplemental Directive"

(attached to his Complaint) that by its very terms ***does not apply*** to Plaintiff's mortgage. See

(Compl. Ex. 6 p. 2.)  In any event, HAMP does not allow for a private cause of action for its

alleged violation. <u>Pennington v. PNC Mortgage</u>, No. 2:10cv361 (E.D. Va. Aug. 11, 2010). Thus, Plaintiff is barred from pursuing his claims against the Defendants.

Though the Complaint should be dismissed in its entirety on this basis, each of Plaintiff's counts fails to state a claim, individually, assessed outside of HAMP. In Count I (Breach of Contract), Plaintiff fails to adequately allege the essential elements to prove breach of a legal, enforceable agreement. Counts II, III, and IV (Equitable Estoppel, Unclean Hands, and Invalid Foreclosure Sale) constitute affirmative defenses as opposed to independent claims, and therefore fail to state a valid cause of action. Count V (Breach of Covenant of Good Faith and Fair Dealing) fails to state a claim because foreclosure is an express right under the Deed of Trust and Plaintiff does not allege any action that extinguishes this right. Count VI (Breach of Fiduciary Duty) also fails to set forth a claim for relief because SIW's duties (fiduciary or otherwise) are limited to those duties set forth in the Deed of Trust and Plaintiff does not allege that any of these duties were breached. Furthermore, Count VII (Declaratory Judgment) is untimely because it has been rendered moot by the foreclosure sale.

Finally, this Court should strike Plaintiff's request for punitive damages, attorneys' fees, and costs because the Plaintiff simply provides no basis for this relief. Ultimately, the Complaint should be dismissed in its entirety, with prejudice.

## II.   **ALLEGATIONS**

Plaintiff's claims relate to his residential mortgage loan secured by property located at 6045 Bradford Drive, #A, Suffolk, Virginia (the "Property"). (Compl. Exs. 1 and 2.) Settlement on the Plaintiff's loan (the "Loan") occurred on or about November 5, 2007, and he executed a Note and Deed of Trust in connection with the Loan. (<u>Id.</u>) The Deed of Trust

provided that upon certain conditions, the Trustee under the Deed of Trust could invoke the power of sale. (Id. Compl. Ex. 1.)

The crux of Plaintiff's Complaint arises from his attempt to modify his residential mortgage loan through HAMP. According to the Complaint, Plaintiff contacted Wells Fargo to seek a HAMP loan modification. (Id. ¶¶ 44-47.) Wells Fargo allegedly approved Plaintiff for the HAMP trial period plan. (Id. ¶ 53.) However, during this scheduled trial period, Plaintiff filed for Chapter 7 bankruptcy relief. (Id. ¶ 56.) Although Plaintiff contends that the bankruptcy was subsequently discharged, during the pendency of the bankruptcy action, Wells Fargo was prevented from communicating with him regarding his loan modification. (Id. ¶¶ 58, 59.)

Thereafter, Plaintiff contacted Wells Fargo and allegedly requested an updated HAMP modification review. (Id. ¶ 68.) Plaintiff was denied a HAMP modification based on his income; however, he allegedly continued to pursue a HAMP loan modification. (Id. ¶¶ 74, 75.) Wells Fargo requested further documents from Plaintiff. (Id. ¶¶ 78, 81.) On April 11, 2011, Plaintiff received a letter informing him that his HAMP request was withdrawn due to his failure to submit the requested documents. (Id. ¶ 84.)

Because the Note was in default, SIW, the trustee, initiated foreclosure proceedings (Id. ¶ 88.) A foreclosure sale took place on April 19, 2011, and Freddie Mac acquired the Property. (Id. ¶¶ 88-89.) Plaintiff refused to vacate the Property, forcing Freddie Mac to file an action in the Suffolk General District Court for possession of the Property. (Id. ¶ 94.) Importantly, at the time of foreclosure, Plaintiff alleges that Freddie Mac was the investor and note holder of the Note that secured Plaintiff's property. (Id. ¶ 11.)

In this case, Plaintiff contends that the foreclosure violated HAMP guidelines and therefore constituted a breach of contract, a breach of the covenant of good faith and fair dealing,

and a breach of SIW's fiduciary duties. These alleged violations are premised largely upon HAMP Supplemental Directive 10-02 (attached to the Complaint as Ex. 6) which provides, in pertinent part:

> This Supplemental Directive provides guidance to services of first lien mortgage loans that are not owned or guaranteed by Fannie Mae or **Freddie Mac** . . . Servicers of first lien mortgage loans that are owned or guaranteed by Fannie Mae or Freddie Mac should refer to the related HAMP guidelines by the applicable [Government Sponsored Enterprise].

(Compl. Ex. 6 p. 2) (emphasis supplied).

Plaintiff also sets forth "claims" for equitable estoppel, unclean hands, and invalid foreclosure sale, which are not affirmative claims, but these "claims" are also based upon alleged HAMP violations, which as noted above, cannot be the basis for a private cause of action. Based upon the Defendants' alleged HAMP violations, Plaintiff seeks a declaration that the foreclosure was void or voidable. Finally, Plaintiff further seeks compensatory damages, punitive damages, attorneys' fees and costs.

## III.   ARGUMENT

### A.   Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requires a "two-pronged approach" under which the Court will first identify the factual allegations in the Complaint entitled to an assumption of truth, and then determine "whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint ...

a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff." Starks v. Abbasi, No. 3:08cv710, 2009 U.S. Dist. LEXIS 83929, at *1 (E.D. Va. Sept. 15, 2009) (citing Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

**B.** **The Complaint Should be Dismissed because the HAMP Supplemental Directive Cited Does Not Apply and Because No Private Cause of Action exists under HAMP.**

Throughout the Complaint, Plaintiff alleges that the foreclosure was in violation of HAMP because HAMP Supplemental Directive 10-02 was not followed and because he was still under HAMP review at the time of the foreclosure. First, it is important to note that the HAMP Supplemental Directive relied upon so heavily by Plaintiff and attached to the Complaint *does not apply* to mortgage loans owned by Freddie Mac, who is alleged to own the mortgage note in this Complaint.[1] Therefore, Plaintiff's reference to the Supplemental Directive's "prohibitions" on scheduling a foreclosure sale until either a borrower has been evaluated and determined ineligible for HAMP or reasonable solicitation efforts have failed and the requirement that a servicer provide written certification to the trustee stating that the borrower is not HAMP eligible before a foreclosure sale may be conducted are inapposite. (Compl. ¶34).

Separate and apart from the Plaintiff attaching a directive that does not apply to his mortgage, this Court has recently reviewed similar allegations of HAMP "violations" in Pennington v. PNC Mortgage, No. 2:10cv361 (E.D. Va. Aug. 11, 2010), and it determined that HAMP did not allow for a private cause of action. In dismissing plaintiffs' HAMP-related

---

[1] This Supplemental Directive provides guidance to services of first lien mortgage loans that are not owned or guaranteed by Fannie Mae or Freddie Mac . . . Servicers of first lien mortgage loans that are owned or guaranteed by Fannie Mae or Freddie Mac should refer to the related HAMP guidelines by the applicable [Government Sponsored Enterprise]. (Compl. Ex. 6 p. 2).

claims, this Court reasoned that the applicable statute for HAMP did "not expressly create a private right of action against participating mortgage servicers. Instead, it allows those aggrieved by the actions of the Treasury Department to sue the Secretary of the Treasury." Id. at 6. "The creation of this private right of action against the Secretary of the Treasury, coupled with the delegation of enforcement authority to Freddie Mac, strongly implies that Congress did not intend to create a separate cause of action against participating mortgage servicers." Id. Accordingly, this Court held that no private cause of action to enforce HAMP regulations exists. Id. This Court's recent decision falls squarely in line with other jurisdictions who have similarly determined that no private cause of action exists under HAMP. See, e.g., Hoffman v. Bank of Am., No. C 10-2171, 2010 WL 2635773 (N.D. Cal. June 30, 2010); Manabat v. Sierra Pac. Mortg. Co., No CV F 10-1018, 2010 WL 2574161 (E.D. Cal. June 25, 2010); Marks v. Bank of America, No. 03:10-cv-08039, 2010 WL 2572988 (D. Ariz. June 22, 2010).

All of Plaintiff's complaints stem from alleged violations of HAMP guidelines. Plaintiff devotes a large amount of the Complaint summarizing HAMP and quoting HAMP guidelines, including Supplemental Directive 10-02 and guidance found in bulletins that Freddie Mac sends to its servicers. (Compl. ¶¶ 23-41.) In his Breach of Contract claim, Plaintiff alleges that "Wells Fargo and Freddie Mac failed to comply with the industry standard [which is allegedly HAMP] by failing to properly engage in the loan modification analysis prior to foreclosing." (Compl. 114.) In fact, in his Prayer for Relief, Plaintiff even requests this Court to "[r]equire Wells Fargo to evaluate Plaintiff for eligibility for the Home Affordable Modification Program pursuant to the terms and requirements of that program."

As this Court has previously held, there is no private cause of action under HAMP against participating mortgage servicers. Pennington, slip op. at *6. Plaintiff's remedy is to sue

the Secretary of the Treasury. Id. Plaintiff is simply not permitted to enforce HAMP against the Defendants. Because Plaintiff's Complaint is based upon HAMP violations, the Complaint should be dismissed with prejudice in its entirety. See Bourdelais v. J.P. Morgan Chase Bank, N.A., 2011 WL 1306311, *6.

**C.    Count I should be dismissed because Plaintiff has failed to satisfy the necessary elements for a breach of contract claim.**

Even if this Court determines that Plaintiff's allegations are independent of HAMP, the Plaintiff fails to set forth a claim for relief in all of the individual counts. Specifically, the breach of contract allegations in the Complaint are insufficient to state a claim and should be dismissed pursuant to Rule 12(b)(6). As a threshold matter, it is difficult to discern from the Complaint if the Plaintiff is alleging that Wells Fargo breached the existing contract (as evidenced by the Note and Deed of Trust), or breached an alleged modified contract. In either case, the Plaintiff fails to allege a breach of contract for which this Court could provide relief, and the claim should be dismissed pursuant to Rule 12(b)(6). Finally, even if the Plaintiff had adequately pled his Breach of Contract claim (which he has not), he is in no event entitled to damages for emotional distress.

**1.  Plaintiff has failed to allege a valid breach of the Note and Deed of Trust.**

Plaintiff has failed to allege a valid breach of the Note and Deed of Trust, which is essential to proving a claim for breach of contract. See Filak v. George, 267 Va. 612, 619, 594 S.E. 2d 610, 614 (2004). In an attempt to hold Defendants liable for HAMP violations, Plaintiff alleges that Freddie Mac breached the Deed of Trust, claiming that because such contract is governed by the "Applicable law," it incorporated the HAMP guidelines. (Compl. ¶¶ 101-102, 104.) Plaintiff's stretch to find Defendants liable under HAMP borders upon nonsense. HAMP supplemental directives and guidelines and bulletins from Freddie Mac to its services do not

constitute "Applicable law." Indeed as demonstrated above, the supplemental directives and guidelines *do not even apply* to Plaintiffs' mortgage loan.

Unfortunately for the Plaintiff, "Applicable law" *does* include case law, such as Pennington, which held that HAMP does not allow for a private cause of action for its alleged violation. Plaintiff is not entitled to make an end-run around this Court's clear ruling by characterizing any and everything as "Applicable law" such that Defendants have supposedly contractually agreed to be bound by HAMP, for which no private cause of action exists.

The allegations of breach under Plaintiff's breach of contract count include (1) failure to provide Plaintiff with a Notice of Incomplete Information and a 15-day Second Incomplete Information Notice, and (2) failure to properly engage in the loan modification analysis prior to foreclosure. (Compl. ¶¶ 112, 114, 119, 123.) These alleged breaches are not based on terms in the Deed of Trust or Note but are based solely upon HAMP guideline "violations." Because there is no private cause of action for Plaintiff to enforce HAMP against the Defendant, these allegations are insufficient for a breach of contract claim.

Plaintiff also claims that Freddie Mac was required to notify Plaintiff of his default and provide time for corrective action pursuant to paragraph 20 of the Deed of Trust, which states:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

(Deed of Trust ¶ 20.)

Importantly, Paragraph 20 further provides:

> The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

(Id.)

Although Plaintiff references the notification requirement above, Plaintiff never alleges that Defendant breached this provision of the Deed of Trust. Presumably, this is because Plaintiff is simply unable to do so. According to the express language agreed to by the parties, Freddie Mac's required notice was satisfied by the notice of acceleration letter, and Plaintiff fails to allege that he was not provided with this notice.

Moreover, this very same paragraph bars Plaintiff's entire suit. Pursuant to paragraph 20, Plaintiff was required to properly notify Freddie Mac prior to filing this lawsuit; however, Plaintiff does not allege that he has satisfied this condition. Accordingly, this lawsuit is barred under the express terms of the Deed of Trust.

### 2. The Plaintiff fails to plead sufficient facts to plead a cause of action for breach of any alleged modified contract, nor is the modification in writing.

The Court should dismiss the Plaintiff's claim for any breach of a loan modification because he fails to allege that the original contract was modified. Any party seeking to establish the modification of an existing contract must allege that the "terms of the modification [are] specific and direct, leaving no doubt about their intention to change the written contract, and the modification must be supported by consideration." In re Nelco, Ltd., 264 B.R. 790, 807 (Bankr. E.D.Va. 1999). "[W]hen one of the parties to the contract claims that the other party has surrendered a right that the contract guarantees, the party asserting the modification must prove either a passage of valuable consideration, estoppel in pais, or a waiver of the right. Harleysville Mut. Ins. Co. v. Conner, 1:04cv93, 2005 WL 2427907, *9 (E.D.Va. Sept. 30, 2005).

To the extent Plaintiff is attempting to allege the breach of a contract "not to foreclose," his claim fails because such an agreement would be a modification of the existing contract with the Plaintiff. The Plaintiff already owed these funds under the terms of the existing contract (Note and Deed of Trust), and allege no facts to suggest he was providing new consideration.

In addition, Plaintiff has failed to allege the existence of a legally enforceable obligation of Freddie Mac to the Plaintiff (outside of the Note and Deed of Trust), which is essential to proving a claim for breach of contract. See Filak v. George, 267 Va. at 619, 594 S.E.2d at 614. A legally enforceable obligation exists where there is an offer, acceptance, and valuable consideration. See Montagna v. Holiday Inns, Inc., 221 Va. 336, 346, 269 S.E.2d 838, 844 (1980). A contract cannot exist if the parties never mutually assent to the terms of the proposed agreement. See Progressive Constr. v. Thumm, 209 Va. 24, 30-31, 161 S.E.2d 687, 691 (1968).

Plaintiff has failed to allege an offer by Freddie Mac or a mutual acceptance of such an offer by Plaintiff. A solicitation *to apply* for a HAMP loan modification is not an offer. Plaintiff's Complaint also fails to provide any factual support for his claim that Freddie Mac agreed to forbear foreclosure or modify the Loan in accordance with HAMP. In an attempt to provide support, Plaintiff references a letter and a verbal agreement, neither of which are sufficient to extinguish the right of foreclosure expressed in the Deed of Trust. In fact the Deed of Trust expressing states:

> Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third person, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

(Deed of Trust ¶ 12.)

Moreover, even if Plaintiff alleged (which he has not) that the parties agreed to a modification, such an agreement is not enforceable under Virginia law. See Allen v. Aetna Cas.

& Sur., 222 Va. 361, 281 S.E.2d 818 (1981) (holding that where parties merely *agreed to make an agreement* in the future, and where a determination of the terms and conditions under which the obligation would be assumed are vague and uncertain, Virginia law treats such agreements as unenforceable "agreements to agree"). Additionally, the Complaint is silent as to what new or additional consideration the Plaintiff provided to Wells Fargo in exchange for foregoing its contractual right to foreclose in the event of a default.

Further, Virginia's "statute of frauds prevents [a borrower] from claiming an implicit modification of loan agreements." Wachovia v. Preston Lake Homes, 750 F. Supp. 2d 682, 689 (W.D. Va. 2010). Virginia Code § 11-2 provides:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases:
> ....
> 8. Upon any agreement that is not to be performed within a year; or
>
> 9. Upon any agreement or promise to lend money or extend credit in an aggregate amount of $25,000 or more.

Plaintiff does not allege that the terms of this alleged agreement are to be performed within a year. In addition, the statute of frauds prevents Plaintiff from claiming an "implicit modification of loan agreements." See Wachovia, 750 F. Supp. 2d at 689. Therefore, this Court should dismiss the Plaintiff's breach of contract claim.

### 3. Even assuming *arguendo* that the Plaintiff has properly alleged a claim for breach of contract, he is not entitled to damages for emotional distress.

The Court need not consider the Plaintiff's claims for "major emotional distress" because such damages are typically not awarded as contract damages, nor do the Plaintiff's claims fall into the narrow line of contract cases where such damages are available. Damages for "emotional disturbances are not ordinarily allowed in contract actions, subject to two

exceptions." <u>Moorehead v. State Farm Fire & Cas. Co.</u>, 123 F. Supp. 2d 1004, 1006. (W.D.Va. 2000). 1007. There "may be no recovery for emotional disturbance ... unless the breach also caused bodily harm," <u>York v. Jones</u>, 717 F. Supp. 421, 423 (E.D. Va. 1989), or where contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result," <u>Moorehead</u>, 123 F. Supp. 2d at 1007. Examples of these types of contracts include contracts for the disposal of dead bodies, contracts for the delivery of messages concerning death and "contracts for carriers and innkeepers with passengers and guests." <u>Id.</u> (quoting <u>Restatement (Second) of Contracts</u> § 353)).

The Court should dismiss any claim related to the recovery of damages for emotional distress because the Plaintiff's allegations do not fall within the noted two exceptions to the general rule that there can no recovery in contract for emotional damages. First, he does not allege any bodily harm. The contract involved in this case – one for the borrowing of money secured by real property as collateral – is not the type of contract the breach of which could serious emotional disturbance. In fact, the Plaintiff concedes that the contract contemplates the very remedy he claims caused him "emotional distress." The Note and Deed of Trust make clear that a default on the Loan could result in forfeiture of the Plaintiff's Property. While the Defendants concede that foreclosure is likely upsetting and unfortunate, it was a result considered by the parties at the time of contract formation. The Plaintiff cannot now claim damages for emotional distress for foreclosure when he knew it was likely in the event of a default. The Court should dismiss any claim for damages based on emotional distress.

**D.**   **Counts II, III, and IV should be dismissed because they do not constitute affirmative claims.**

In Counts II, III, and IV, Plaintiff seeks to set aside the foreclosure sale based upon equitable estoppel, unclean hands, and invalid foreclosure sale.  However, the doctrines of equitable estoppel and unclean hands constitute affirmative defenses and not causes of actions. Thomas v. Wells Fargo Bank, N.A., Civil Action No. 4:10-cv-00060, 2011 U.S. Dist. LEXIS 52399, at *6 (May 17, 2011, W.D. Va.).  Estoppel is not a recognized cause of action under Virginia law.  Parker v. Westat, Inc., 301 F. Supp. 2d 537, 544 (E.D. Va. 2004).  "The courts of Virginia have stated that equitable estoppel usually operates as a shield, as opposed to a sword, and it does not of itself create a new right or give a cause of action; rather it serves to prevent losses otherwise inescapable and to preserve rights already acquired."  Id. (citation omitted).

Similar to equitable estoppel and unclean hands, Plaintiff's cause of action for "invalid foreclosure sale" is also an affirmative defense that cannot be asserted offensively as an affirmative claim.  Thus, Counts II, III, and IV, for equitable estoppel, unclean hands, and invalid foreclosure sale should also be dismissed with prejudice.

**E.**   **Count V should be dismissed because Virginia law does not recognize a claim for breach of covenant of good faith and fair dealing when the alleged violation is an express contractual right.**

This Court should dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing because Defendants had a contractual right to foreclose on the Property. Under Virginia law, "[a]n implied duty of good faith cannot be used to override or modify explicit contractual terms."  Riggs National Bank of Washington, D.C. v. Linch, 36 F.3d 370, 373 (4th Cir. 1994).  To do so would "have the Court impose a duty on [a defendant] to abstain from their bargained-for contractual rights .... Doing so implicitly imposes new duties which would [be] ... impermissible under the doctrine of good faith and fair dealing."  Indep. Fed. Sav.

Bank v. Briley, 1:08cv1189, 2009 WL 3498110, *5 (E.D. Va., Oct. 27, 2009.) The only caveat to this rule lies in discretionary actions by a party under contract, as "although the duty of good faith does not prevent a party from exercising its *explicit* contractual rights, a party may not exercise contractual *discretion* in bad faith. Va. Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 542 (4th Cir. 1998)(emphasis added). The duty of good faith, however, cannot be extended to compel a party to modify the terms of an existing contract. Wachovia, 750 F. Supp. 2d at 689.

The Court should dismiss the claim for breach of the implied covenant of good faith and fair dealing because Defendants had the *contractual right* to take all actions alleged in the Complaint. The Plaintiff fails to allege a single fact that would put the Defendants on notice as to how they have breached any discretionary right that rises to level of a breach of the implied covenant of good faith and fair dealing. The Plaintiff's claim, which again attempts to hold Defendants liable under HAMP, states that the Deed of Trust is subject to "Applicable law." As discussed above, it is an illogical leap to conclude that the Defendants are liable to Plaintiff based upon HAMP guidelines and bulletins Freddie Mac sends to its servicers. (See Compl. ¶¶ 32-33; Exs. 3, 4, and 5).

Under this Count, Plaintiff again alleges the existence of additional verbal and written agreements and that such "agreements" were breached by the Defendants due to the foreclosure. (Compl. ¶¶ 170-173). To the extent that Plaintiff is alleging a breach of these "agreements" (express or implied), this Court should dismiss this claim for lack of an enforceable legal obligation. As discussed in section C(2) above, the verbal and written agreements could not waive, modify, or extinguish Defendants' express right to foreclose on the Property.

The Note and Deed of Trust clearly provide the right to accelerate payment of the Note, substitute a trustee, and ultimately foreclose on the Property. That Wells Fargo declined to

modify the terms of the Plaintiff's loan *does not* form the basis of a breach of the implied covenant of good faith and fair dealing. See Wachovia, 750 F. Supp. 2d at 689. In a recent case directly on point with similar factual allegations, this Court found that a lender does not breach implied duties when it exercises its rights under a note and deed of trust by foreclosing on property owned by defaulting borrowers, despite efforts by both lender and borrower to avoid such a result. Washington v. CitiMortgage, Inc., No. 3:10cv887, 2011 WL 1871228, at *9 (E.D. Va. May 16, 2011). The Court should dismiss the Plaintiff's claims for breach of implied covenant of good faith and fair dealing pursuant to Rule 12(b)(6).

**F.    Count VI should be dismissed because any fiduciary obligations owed to the Plaintiff are set forth in the Deed of Trust, and Plaintiff fails to allege that those obligations were not properly discharged.**

The Court should dismiss Count VI because the Plaintiff's Complaint fails to allege that SIW did not comply with the obligations found in Plaintiff's Deed of Trust, and instead alleges conclusory statements of law rather than facts to support his claim. "The powers and duties of a trustee in a deed of trust, given to secure the payment of a debt, are limited and defined by the instrument under which he acts." Warner v. Clementson, 254 Va. 356, 361, 492 S.E.2d 655, 657 (1997)(quoting Powell v. Adams, 179 Va. 170, 174, 18 S.E.2d 261, 262-63 (1942)). As stated conclusively by the Supreme Court of Virginia, a trustee acting under a power of sale – as SIW was here – "has no powers except those conferred upon [it] by the deed of trust." Feldman v. Rucker, 201 Va. 11, 20, 109 S.E.2d 379, 385 (1959).

The facts of this case are strikingly similar to Horvath v. Bank of New York, Case No. 1:09cv01129, 2010 WL 538039 (E.D. Va. Jan. 29, 2010), in which Plaintiff alleged in his count for breach of fiduciary duty that the trustee "fail[ed] to perform 'reasonable due diligence' before threatening, scheduling and foreclosing on the property ... and 'failing to remain impartial.'" Id.

at *1. In the case at bar, Plaintiff alleges that SIW had a fiduciary duty "to act in good faith and utilize discretion in the management of the trust." (Compl. ¶ 179.)  Plaintiff then alleges that SIW breached this fiduciary duty (1) through "its seven month delay in petitioning the Bankruptcy Court for Relief from the Stay in spite of repeated notifications by Mr. Dennis to the Trustee that his bankruptcy had been discharged in March of 2010," (2) "by failing to properly verify and/or investigate the status of Mr. Dennis' loan prior to the foreclosure sale," (3) "by failing to rescind the foreclosure sale when it learned that this had occurred in violation of the Deed of Trust," and (4) and by conducting a foreclosure sale prior to the completion of the allegedly required HAMP analysis. (Id. ¶¶ 180, 186-90.)  Yet like Horvath, the Plaintiff here fails to allege that SIW breached any duty enumerated in the Deed of Trust, nor any facts that "make plausible any claimed violation of fiduciary duty." Horvath, 2010 WL 538039, at *1.

Indeed, SIW complied with the requirements imposed on it by the Deed of Trust, which provides that:

> This Security Instrument secures to the Lender (i) the repayment of the Loan [to Lender and Lender's **successors and assigns**] ...; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, **Borrower irrevocably grants and conveys to Trustee, in trust, with the power of sale, the following described property located in the CITY of SUFFOLK** ....

(Deed of Trust, p. 3)(emphasis added.)

Article 22 of the Deed of Trust explicitly sets forth, among other requirements, the (1) trustee's obligations in the event of acceleration upon the Borrower/Plaintiff's breach of any of the loan covenants; (2) notice requirements; (3) actions and deadlines required to cure the default lender's options for failure to cure; (4) the process by which the power of sale is invoked; (5) the foreclosure process; (6) bid procedures and how title is conveyed upon foreclosure. (Deed of Trust, p. 13.)

SIW's fiduciary duties are limited to those duties set forth in the Deed of Trust, and Plaintiff has failed to allege that any of these obligations were not satisfied. Thus, the Court should dismiss Count VI with prejudice because the Plaintiff has not pled any facts to support a claim that SIW breached its fiduciary obligations under the Deed of Trust.

### G. Count VII should be dismissed because any declaratory judgment action has been rendered moot by the foreclosure sale.

Pursuant to Virginia Code §§ 8.01-184 and 8.01-191, the Plaintiff seeks a declaratory judgment from the Court, declaring that "the purported foreclosure sale was void, alternatively that it was voidable and that the purported foreclosure deed was void, alternatively voidable; that the Plaintiff is entitled to appointment of a constructive trustee with instructions to convey title to the home to him, subject to the Deed of Trust." (Compl. ¶ 196.)

When a case is removed from state to federal court pursuant to 28 U.S.C. § 1441, the federal court applies substantive state law and federal procedural law. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). Both the federal Declaratory Judgment Act and Virginia Code § 8.01-184 are procedural; they do not create or alter substantive rights. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Thus, once removed, an action filed originally under Virginia Code § 8.01-184 is treated by a federal court as though it has been filed pursuant to 28 U.S.C. § 2201. Although the Plaintiff indicates that he relies on Virginia Code §§ 8.01-184 and 8.01-191 as the basis for seeking declaratory relief, removal by the Defendants to this Court requires an analysis of the procedural claims pursuant to 28 U.S.C. § 2201.

Rule 57 governs the procedure for obtaining declaratory relief under the Federal Declaratory Judgment Relief Act (28 U.S.C. § 2201, *et seq.*) (the "Act"). The Act states, in pertinent part, as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (2008).

A declaratory judgment is "appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Hipage Co., Inc. v. Access2go, Inc., 589 F. Supp. 2d 602, 614 (E.D. Va. 2008). A declaratory judgment may be issued only if (the Article III) "case or controversy" requirements are satisfied. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937). The court's fundamental inquiry should concentrate on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." Maryland Cas. Co. v. Pac. Coal & Oil, 312 U.S. 270, 273 (1941). Courts are prohibited from issuing mere advisory opinions. CAE Screenplates, Inc. v. Beloit Corp., 957 F. Supp. 784, 788 n.5 (E.D. Va. 1997).

Once jurisdiction is established, federal courts must use their judicial discretion in determining whether to grant declaratory relief. Hipage, 589 F. Supp. 2d at 614. Although case law does not provide an exhaustive list of factors the Court must consider, the following are important: "(1) whether an action serves the purpose of the Declaratory Judgment Act;

(2) whether the action constitutes procedural fencing; (3) judicial efficiency; and (4) fairness to the parties." Id. at 615.

The Plaintiff is not entitled to declaratory relief for several of reasons. First of all, he lacks standing to bring a claim under 28 U.S.C. § 2201. Under the facts alleged in the Complaint, the Plaintiff has not demonstrated that there is a "substantial controversy between the parties ... of sufficient immediacy" that warrants judgment of declaratory relief. See Maryland Cas. Co., 312 U.S. at 273. In light of the Act's purpose to declare the rights of the parties, this Court offers no relief as the Plaintiff seeks an advisory opinion. When foreclosure on a property has already occurred, as is the case here, "declaratory relief will serve no useful purpose." Horvath, 2010 WL 538039, at * 9.

In addition, Plaintiff fails to allege anything other than conclusory generalizations. Nothing in Count VII puts the Defendants on notice as to what facts support the Plaintiff's right to seek declaratory relief. Count VII should be dismissed because the allegations, which are no more than legal conclusions, are not entitled to be taken as true of the purposes of a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1950.

As best as Defendants are able to discern from the pleadings, Plaintiff alleges – in the most general sense – that because he did not qualify for a HAMP loan modification, the foreclosure is void. Such allegations fly in the face of the Deed of Trust entered into between the parties. The Note and Deed of Trust clearly provide the right to accelerate payment of the Note, substitute a trustee, and ultimately foreclose on the Property. (Compl. Ex. 1.) These rights are in no way conditioned upon a HAMP loan modification analysis. Thus, Plaintiff's allegations are insufficient to form the basis of a claim for declaratory relief, and Count VII should be dismissed.

**H.    This Court should strike Plaintiff's claim for punitive damages, attorneys' fees, and costs because the Plaintiff has failed to set forth a basis for these damages.**

To the extent the Complaint is not dismissed in its entirety, Plaintiff's request for punitive damages, attorneys' fees, and costs should be struck because there is no basis for such relief. First, Plaintiff's claim for punitive damages is utterly unsubstantiated. Virginia courts do not favor punitive damages, "[b]ecause punitive damages are in the nature of a penalty, [and] they should be awarded only in cases of the most egregious conduct." Philip Morris, Inc. v. Emerson, 235 Va. 380, 407, 368 S.E.2d 268, 283 (1988). A plaintiff seeking punitive damages must allege facts sufficient to establish reckless, intentional, or willful behavior. Green v. Ingram, 269 Va. 281, 291-92, 608 S.E.2d 917, 923 (2005).

In the Complaint, Plaintiff offers no factual support whatsoever to support his request for punitive damages nor does he specify an amount. There are no facts or allegations that Defendants acted with reckless, intentional, or willful behavior. Accordingly, this Court should dismiss Plaintiff's request for punitive damages.

Second, Plaintiff also seeks attorneys' fees and costs but he fails to support such request with any factual or legal basis. Under the "American rule," a prevailing party generally cannot recover its attorneys' fees. W. Square, L.L.C. v. Commc'n Techs., 274 Va. 425, 433, 649 S.E.2d 698, 702 (2007). The party requesting an attorneys' fees award bears the burden of establishing entitlement to such an award. Sanford v. Virginia, 689 F. Supp. 2d 802, 805 (E.D. Va. 2010).

Courts in the Fourth Circuit have dismissed unsupported claims for attorneys' fees on various occasions on a Motion to Dismiss pursuant to Rule 12(b)(6). See, e.g., Altimari v. Beverage Mktg. USA, No. 2:08cv486, 2008 U.S. Dist. LEXIS 109984, at *31 (E.D. Va. Nov. 21, 2008) (granting defendants' motion to dismiss plaintiff's request for attorneys' fees and

reasoning that "[b]ased on the pleadings, there is no basis upon which Plaintiff would be entitled to any relief"); Justus v. Kellogg Brown & Root Servs. Inc., 373 F. Supp. 2d 608 (W.D. Va. 2005) (dismissing claim for attorneys' fees on motion to dismiss); Boerio v. Daryman, No. 88-0239-H, 1989 U.S. Dist. LEXIS 18098, at *4-5 (W.D. Va. Aug. 23, 1989) (granting defendant's motion to dismiss as to the plaintiff's claim of attorneys' fees in two of the four counts in the complaint and relying on the rule in Virginia that "in the absence of express statutory or contractual authority the prevailing party may not recover her attorney's fees").

Rule 8 of the Federal Rules of Civil Procedure requires that a Complaint show "that the pleader is entitled to relief." Fed. R. Civ. P. 8. Plaintiff has failed to show how he is entitled to attorneys' fees and interest based upon the allegations set forth in the Complaint. Therefore, to the extent that the Complaint is not dismissed (which it should be), this Court should strike Plaintiff's request for attorneys' fees and costs as there is no contractual or statutory basis for his claims.

## IV.  **CONCLUSION**

For the foregoing reasons, this Court should grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted.

> **WELLS FARGO BANK, N.A.,**
> **FEDERAL HOME LOAN MORTGAGE**
> **CORPORATION,**
> **AND SAMUEL I. WHITE, P.C.**
>
> By: _R. Ellen Coley_
>    Counsel

21

Hunter W. Sims, Jr. (VSB No. 09218)
E-mail:  hwsims@kaufacn.com
J. Bradley Reaves (VSB No. 71389)
E-mail:  jbreaves@kaufcan.com
R. Ellen Coley (VSB No. 75970)
E-mail:  recoley@kaufcan.com
Kaufman & Canoles, P. C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Phone:  (757) 624-3000
Fax:      (757) 624-3169
***Counsel for Defendants***
***Wells Fargo Bank, N.A., Federal Home***
***Loan Mortgage Corporation and***
***Samuel I. White, P.C.***

## CERTIFICATE OF SERVICE

I hereby certify that on this $\underline{15^{th}}$ day of July 2011, a true copy of the foregoing was sent

*via* First-Class Mail, postage prepaid, to:

> Amy Disel Allman, Esquire
> Virginia Legal Aid Society, Inc.
> 155 East Washington Street
> P.O. Box 3356
> Suffolk, VA  23439-3359
> (757) 539-3441
> (757) 539-5142 Facsimile
> *Counsel for Plaintiff*

> Hunter W. Sims, Jr. (VSB No. 09218)
> E-mail:  hwsims@kaufcan.com
> J. Bradley Reaves (VSB No. 71389)
> E-mail:  jbreaves@kaufcan.com
> R. Ellen Coley (VSB No. 75970)
> E-mail:  recoley@kaufcan.com
> Kaufman & Canoles, P. C.
> 150 West Main Street, Suite 2100
> Norfolk, VA 23510
> Phone:  (757) 624-3000
> Fax:     (757) 624-3169
> *Counsel for Defendants*
> *Wells Fargo Bank, N.A., Federal Home*
> *Loan Mortgage Corporation and*
> *Samuel I. White, P.C.*

11170469v2

23