IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES DENNIS,

    Plaintiff,

v.                                      Civil Action No.: 2:11cv401

WELLS FARGO BANK, N.A.,
FEDERAL HOME LOAN MORTGAGE
CORPORATION,
AND
SAMUEL I. WHITE, P.C.,

    Defendants.

# DEFENDANTS' REPLY MEMORANDUM IN
# SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Federal Home Loan Mortgage Corporation, ("Freddie Mac") and Samuel I. White, P.C. ("SIW") (collectively, the "Defendants"), by and through counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for their Reply Memorandum in Support of Defendants' Motion to Dismiss Amended Complaint of plaintiff, James Dennis ("Plaintiff"), respectfully state as follows:

## I.    INTRODUCTION

Notwithstanding Plaintiff's repeated assurances in his Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint ("Opposition") that he is not attempting to enforce standards set forth in the Home Affordable Modification Program ("HAMP") against Defendants, Plaintiff confirms that he is, in fact, attempting to hold Defendants liable under HAMP, which ***does not allow for a private right of action.*** For this reason, Plaintiff's attempts to enforce liability based on HAMP should be dismissed with prejudice.

In addition, Plaintiff's claims under the Equal Credit Opportunity Act ("ECOA") and its Virginia corollary, the Virginia Equal Credit Opportunity Act ("VECOA"), are each insufficient because Plaintiff fails to allege an "adverse action" that requires notice under these statutory schemes. Likewise deficient, Plaintiff's breach of contract claim based upon an allegedly improper acceleration letter should be dismissed as Plaintiff was provided proper notice of default and of impending acceleration in accordance with requirements of the Deed of Trust. In fact, Defendants waited nearly five (5) months after the date of the acceleration letter to foreclose on the property, and Plaintiff has not alleged that within such time he attempted to cure the default and bring current the amounts due on his mortgage (during the 30 days provided for acceleration or thereafter). Despite this proper notice and a subsequent foreclosure, Plaintiff has remained in the Property without paying his mortgage.

At bottom, this case is a clear attempt to prevent the Defendants from enforcing their legal rights under the Deed of Trust. Ultimately, Plaintiff has not stated any plausible claims for relief and his Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. ARGUMENT

### A. Counts 2, 5, 6, 7, 8, and 9 Should be Dismissed Because No Private Cause of Action exists under HAMP.

Admitting that no private cause of action exists under HAMP, Plaintiff argues that he can make an end-run around this clear precedent and still enforce the HAMP guidelines by alleging breach of contract and tort claims. Through his Amended Complaint, Plaintiff is attempting to circumvent this Court's ruling in *Pennington v. PNC Mortgage,* No. 2:10cv361, 2010 U.S. Dist. LEXIS 143157 (E.D. Va. Aug. 11, 2010). The plaintiff in *Bourdelais v. J.P. Morgan Chase Bank, N.A.*, No. 3:10CV670-HEH, 2011 U.S. Dist. LEXIS 35507 (E.D. Va. April 1, 2011), used this same tactic without success. The plaintiff alleged breach of contract due to defendant's

failure to offer a permanent HAMP modification. *Id.* at *6. Plaintiff further claimed that her claim was a "straightforward breach of contract claim" and refuted the contention that it was merely an attempt to enforce HAMP. *Id.* at *12. The Court disagreed, reasoning that the "complaint illustrates that HAMP and its guidelines are indispensable to her breach of contract claim." *Id.* at *13. "Plaintiff cannot rely on HAMP to define the scope of her modification rights while at the same time professing that her action persists without 'any reference to HAMP.'" *Id.* at *14. Finding that the plaintiff failed to state a breach of contract claim independent of HAMP, the Court dismissed her breach of contract claim. *Id.* at *20.

Just as in *Bourdelais*, the crux of Plaintiff's allegations in Counts 2, 5, 6, 7, 8, and 9 is that Defendants violated HAMP guidelines. Plaintiff seeks to have Defendants held to HAMP guidelines by citing specific HAMP requirements and then alleging breach of contract and tort claims that are based upon those standards. HAMP and its guidelines are indispensable to Plaintiff's action; therefore, their claims are not independent of HAMP. *See id.*

Citing two cases from Massachusetts, Plaintiff argues that he can enforce HAMP through tort claims. (Opp'n 9.) This assertion is not only contrary to the law in this District, a Massachusetts court has recently declined to follow the reasoning sent forth in these cases. *See Bourdelais*, 2011 U.S. Dist. 35507, at *20; *Brown v. Bank of Am. Corp.*, No. 10-11085, 2011 U.S. Dist. LEXIS 36235, *11-12 (Mass. March 21, 2011). In fact, in *Brown*, the court declined to follow the reasoning in *Speleos v. BAC Home Loans Servicing, L.P.*, 755 F. Supp. 2d 304 (D. Mass. 2010) which Plaintiff relies upon so mightily, and expressly ***rejected*** plaintiffs' argument that "even if there is no private right of action to enforce HAMP, a defendant's violation of a HAMP regulation may stand as evidence of a breach of a duty of care owed under state law." *Id.* at 11-16. If this Court believes that Massachusetts decisions should hold sway, then it should follow *Brown* and reject such a strained argument.

3

Moving back to the Eastern District of Virginia, as this Court has previously held, there is simply no private cause of action under HAMP against participating mortgage servicers. *Pennington*, 2010 U.S. Dist. LEXIS 143157, at *6. Plaintiffs' remedy is to sue the Secretary of the Treasury. *Id.* Because Plaintiff's allegations arise from HAMP, Counts 2, 5, 6, 7, 8, and 9 should be dismissed with prejudice. *See Bourdelais*, 2011 U.S. Dist. LEXIS 35507, at *20; *Marks v. Bank of Am.*, No. 03:10-CV08039, 2010 WL 2572988, at *5 (D. Ariz. June 22, 2010) (dismissing plaintiff's complaint with prejudice where, although disguised as breach of contract claims, allegations that the loan servicer failed to follow HAMP guidelines were "simply an attempt at enforcing a private right of action under HAMP"); *see also Manabat v. Sierra Pacific Mortg. Co.*, No. CV F 10-1018, 2010 WL 2574161, at *11 (E.D. Cal. June 25, 2010) (dismissing a claim styled "wrongful foreclosure," which claimed that the loan servicer violated HAMP by not providing a loan modification, because there is no private right of action to enforce HAMP against loan servicers); *Vida v. OneWest Bank, F.S.B.*, No. 10-987-AC, 2010 WL 5148473, at *5 (D. Or. Dec. 13, 2010) (dismissing plaintiff's breach of contract claims because "the facts and allegations as pleaded [were] premised chiefly on the terms and procedures set forth via HAMP and [were] not sufficiently independent to state a separate state law cause of action for breach of contract").

  B. **<u>Count 1 should be dismissed because Plaintiff has not stated a claim for violation of the Equal Credit Opportunity Act or its Virginia equivalent.</u>**

Count 1 should be dismissed because Plaintiff fails to allege an "adverse action" that requires notice under ECOA or VECOA. Specifically, Plaintiff does not allege that he submitted a completed application, as required by the statutory language and case law in this District. Moreover, Plaintiff admits that he was in default at the time of the alleged denial for a HAMP loan modification and, therefore, was not entitled to any notice under ECOA or VECOA.

Plaintiff did not submit a completed application prior to the decision to deny the HAMP loan; thus, there can be no resulting claim under ECOA. *See Jefferson v. Briner Inc.*, No. 3:05CV652, 2006 WL 1720692, at *4 (E.D. Va. June 21, 2006). In the Amended Complaint, Plaintiff concedes that Wells Fargo considered his HAMP request withdrawn due to missing, supporting documents required for the HAMP application process. (Am. Compl. ¶ 101.) Plaintiff failed to comply with the stated conditions within the relevant time period of the application process. Plaintiff's reliance on cases outside of this jurisdiction does not save his claims because this District strictly complies with the statutory language that requires a "completed application." *See Jefferson*, 2006 WL 1720692, at *4.

Furthermore, the cases cited in Plaintiff's Opposition fail to address Defendants' argument that ECOA and VECOA are inapplicable because the Plaintiff alleged that he was in default at the time of the alleged denial for a HAMP loan modification. This point is fatal to Plaintiff's ECOA and VECOA claims. Had Plaintiff included factually analogous cases, he would have cited *Davis v. Citimortgage, Inc.*, No. 10-12136, 2011 U.S. Dist. LEXIS 25179, at *8-9 (E.D. Mich. March 11, 2011), where the sole issue was whether the defendant was required under ECOA to provide plaintiff with written notice of its denial of plaintiff's requested modification under HAMP. The court in *Davis* held that the defendant was ***not*** required under ECOA to provide such notice because the plaintiff had defaulted by not submitting the full payments required under her mortgage loan. *Id.* at *9. The Court's ruling in *Davis* is supported by the plain language of ECOA (and its implementing regulations) which state that adverse action "***does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default.***" 15 U.S.C. § 1691(d)(6); *see also* 12 C.F.R. § 202.2 (c)(2)(ii) (stating that adverse action does not include "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account").

5

It is undisputed that Plaintiff was in default on his existing mortgage when Defendants denied his request for a mortgage loan modification. Thus, Defendants were not required under ECOA to give Plaintiff written notice of the reasons for the denial. *See Bourdelais*, 2011 U.S. Dist. LEXIS 35507, at *28 (allowing plaintiff's ECOA claims to survive a motion to dismiss because she ***did not allege*** that she had defaulted on her mortgage; she alleged "that a Chase employee incorrectly advised her to skip her May 2009 mortgage payment, [but she did not allege] that she took that advice. To the contrary, Plaintiff asserts that ***she was never late on any requested payments***." (emphasis supplied)). Accordingly, this Court should dismiss, with prejudice, Plaintiff's claims pursuant to ECOA and VECOA.

C. **Count 2 should be dismissed because Virginia law does not recognize a claim for breach of covenant of good faith and fair dealing when the alleged violation is an express contractual right and because Plaintiff fails to allege the exercise of a discretionary right in bad faith.**

This Court should also dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing because Defendants had a contractual right to foreclose on the Property. A lender does not breach implied duties when it exercises its rights under a note and deed of trust by foreclosing on property owned by defaulting borrowers. *Washington v. CitiMortgage, Inc.*, No. 3:10cv887, 2011 WL 1871228, at *9 (E.D. Va. May 16, 2011). The Deed of Trust clearly provides the right to accelerate payment of the Note and ultimately foreclose on the Property.

Moreover, this claim should also be dismissed because the Defendants have not exercised any discretionary right under the Deed of Trust. *See Clemons v. Home Savers, LLC*, 530 F. Supp. 2d 803, 812 (E.D. Va. 2008), *aff'd*, 273 F. App'x 296 (4th Cir. 2008). In his Opposition, Plaintiff attempts to weave a "discretionary right" out of whole cloth, alleging that a discretionary right arose when Wells Fargo allegedly informed him that he must default on his mortgage in order to be eligible for a HAMP loan modification and allegedly assured him that no

6

foreclosure would proceed while he was under HAMP review. (Opp'n 17, 18.) Plaintiff's retreat to alleged violations of HAMP does not satisfy the requirement to allege breach of a discretionary right.[1] Because Plaintiff fails to allege that any discretionary right exists (much less that it was exercised in bad faith), the Court should dismiss Plaintiff's claims for breach of implied covenant of good faith and fair dealing.

>    D.   **<u>Plaintiff's breach of contract claims should be dismissed because Plaintiff has failed to satisfy the necessary elements for a breach of contract claim.</u>**

In Count 3, Plaintiff contends that he was not provided proper notice prior to acceleration. In his Opposition, Plaintiff argues that he was not provided the thirty (30) days required under the Deed of Trust to cure his default. This is simply untrue. Defendants waited nearly five (5) months after the date of the letter to foreclose on the property, Plaintiff has not alleged nor argued that he attempted to cure the default and bring current the amounts due on his mortgage during the thirty (30) days or thereafter.

The fact that the date on the Acceleration Letter was a Sunday is of no consequence because Plaintiff fails to allege that he attempted to cure the default within the thirty (30) day time period to cure under the Deed of Trust. In *Federal Deposit Ins. Corp. v. Caledonia Investment Corp*, 862 F.2d 378, 382 (1st Cir. 1988), the plaintiff also argued that the acceleration letter did not provide the required thirty (30) days to cure default. The acceleration letter was dated February 16, 1984, and it stated that the period to cure expired on March 16, 1984. *Id.* at 381-82. While recognizing that February had only twenty-nine (29) days in 1984, the court stated that plaintiff actually had until March 17, 1984 to cure the default. *Id.* at 382 n. 2. Nevertheless, the court held that the acceleration notice was fully effective and provided a period of thirty (30) days for plaintiff to cure default. *Id.* at 382-83. In that case, although the acceleration letter only provided twenty-nine (29) days to cure, the court dismissed plaintiff's

---

[1] Interestingly, in his Opposition, Plaintiff claims that he is not attempting to enforce HAMP, yet his arguments supporting breach of good faith and fair dealing specifically include alleged violations of HAMP. (Opp'n 7-8, 17, 18).

argument, reasoning that plaintiff did not cure its default within the requisite thirty (30) day time period. *Id.*

Likewise, in this case, Plaintiff did not allege that he attempted to cure the default within the requisite time period, which even according to Plaintiff's Opposition would have been on December 29, 2010. Thus, the acceleration notice satisfied the requirements of the Deed of Trust.

Plaintiff's breach of contract claim in Count 5 should also be dismissed because Plaintiff alleges nothing more than HAMP violations. Plaintiff alleges that Defendant SIW breached the Deed of Trust, claiming that because the contract is governed by "Applicable law," it somehow incorporates HAMP guidelines. Importantly, Plaintiff's allegations in Count 5 are not based upon terms in the Deed of Trust or Note – instead, they are based solely upon HAMP guideline "violations." Because there is no private cause of action for Plaintiff to enforce HAMP against the Defendant, these allegations are insufficient for a breach of contract claim.

Moreover, Plaintiff's breach of contract claim in Count 5 fails as a matter of law because Plaintiff has failed to properly allege a legally enforceable obligation, which is essential to proving a claim for breach of contract. *See Filak v. George*, 267 Va. 612, 619, 594 S.E. 2d 610, 614 (2004). As stated above, attempting to incorporate HAMP guidelines as "Applicable law" does not create an independent enforceable legal obligation, the breach of which amounts to a breach of contract claim.

Even assuming *arguendo* that Plaintiff has properly alleged a claim for breach of contract, he is not entitled to damages for emotional disturbance because such damages are typically not awarded as contract damages nor do the Plaintiff's claims fall into the narrow line of contract cases where such damages are available. *See Moorehead v. State Farm Fire & Cas. Co.*, 123 F. Supp. 2d 1004, 1006 (W.D. Va. 2000).

8

### E. Count 4 should be dismissed because it does not constitute an affirmative claim.

Count 4, for unclean hands, is not an affirmative claim and should therefore be dismissed. Even the Plaintiff seems to acknowledge the defensive nature of the doctrine of unclean hands by stating, "Foreclosures are equitable in nature making them an equitable remedy subject to equitable defenses and maxims." (Opp'n 22.) This reality is also supported by the cases cited in Plaintiff's Opposition, *not one of which* involves a party using the doctrine of unclean hands as an affirmative claim. *See BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994) (holding that the consideration received through the foreclosure sale was proper and not discussing the doctrine of unclean hands); *Cline v. Berg*, 273 Va. 142, 639 S.E.2d 231 (2007) (holding that "unclean hands" was a proper defense to the plaintiff's request for injunctive relief); *Richards v. Mussleman*, 221 Va. 181, 267 S.E.2d 164 (1980) (holding that the defendant's defense of unclean hands was not sufficient to dismiss the plaintiff's complaint).

Although the factual allegations in *Thomas v. Wells Fargo Bank, N.A.*, Civil Action No. 4:10-cv-00060, 2011 U.S. Dist. LEXIS 52399, at *6 (W.D. Va. May 17, 2011), differ somewhat from this case, this does not change the Court's determination that the doctrine of unclean hands constitutes an affirmative defense and not a cause of action. In sum, Count 4, which attempts to assert an action for unclean hands, should also be dismissed with prejudice.

### F. Count 6 should be dismissed because any fiduciary obligations owed to the Plaintiff are set forth in the Deed of Trust, and Plaintiff fails to allege that those obligations were not properly discharged.

Plaintiff's claim for breach of fiduciary duty against SIW fails as a matter of law. In his Opposition, Plaintiff contends that SIW is liable for breach of fiduciary duty because it acted in an impartial manner. (Opp'n 24-26.) Without conceding that SIW acted in any improper manner, Plaintiff's argument misses the legal standard for the fiduciary duties of a trustee.

Furthermore, the allegations in Plaintiff's Amended Complaint make clear Plaintiff's true intent to hold SIW liable under HAMP, which is improper.

When a trustee's actions conform to Virginia statutory law and its duties under the Deed of Trust, its fiduciary duty is fully discharged. *See Horvath v. Bank of New York*, Case No. 1:09cv01129, 2010 WL 538039 (E.D. Va. Jan. 29, 2010), *aff'd*, 641 F.3d 617 (4th Cir. 2011). Count 6 does not contain any allegations that SIW violated Virginia statutory law or any allegations that SIW failed to carry out any of the specific duties prescribed by the Deed of Trust owed to the Plaintiff.

Plaintiff alleges that SIW breached its fiduciary duty "in its seven month delay in petitioning the Bankruptcy Court for Relief from the Stay," which allegedly prevented certain communications regarding his HAMP review and led to the termination of his trial period plan. (Am. Compl. ¶ 167). Plaintiff further alleges that SIW had a duty to comply with the "Applicable law" and "industry standard," which Plaintiff contends constitutes the "HAMP analysis." (*Id.* ¶ 170). Plaintiff attempts to hold SIW liable under HAMP by claiming violations, such as: (1) failure to verify that Plaintiff's loan had "fully undergone a HAMP analysis," (2) conducting a foreclosure sale when Plaintiff was "in the midst of a HAMP review," and (3) failure to rescind the foreclosure when informed by Plaintiff that he was "in the midst of an ongoing HAMP review at the time of the foreclosure sale date." (*Id.* ¶¶ 173-177.)

Plaintiff's contention that the Deed of Trust incorporates HAMP simply because it is subject to "Applicable law" is nothing more than a desperate attempt to hold Defendants liable under HAMP. As set forth in Defendants' Motion to Dismiss, it is an illogical leap to conclude that the Defendants are liable to Plaintiff based upon HAMP guidelines and bulletins Freddie Mac sends to its servicers. SIW's fiduciary duties are limited to those duties set forth in the Deed of Trust, and Plaintiff has failed to allege that SIW breached any duty enumerated in the Deed of Trust, nor any facts that "make plausible any claimed violation of fiduciary duty." *See*

*Horvath*, 2010 WL 538039, at *1 (E.D. Va. Jan. 29, 2010). Thus, Count 6 fails to state a plausible breach of fiduciary claim.

      G.      **Plaintiff's tort based claims set forth in Counts 7, 8, and 9 are barred as they arise from contractual duties.**

Plaintiff's tort based claims for negligence, fraud, and constructive fraud are barred because they arise from contractual duties and, therefore, must be dismissed with prejudice. In determining whether a cause of action sounds in tort or in contract, a court must first discern the source of the duty allegedly violated. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). If the complaint would not give rise to any cause of action but for the contract between the parties, then the action is founded upon contract, and not tort. *Id.* If, on the other hand, the duty allegedly breached is a common law duty, which arises from the relation of the plaintiff and the defendant, irrespective of the contract, to take due care, then the action is one of tort. *Id.*

The allegations in Counts 7, 8, and 9 all arise out of the parties' contractual duties, as they pertain to the parties' obligations under the Note and Deed of Trust, including loan payments, the foreclosure, or the modification process. Plaintiff did not (and cannot) allege that Defendants breached any common law duty owed to Plaintiff. As with any customary relationship between a borrower and a lender, the relationship in this instance "is entirely defined by contract." *See Rossmann v. Lazarus*, No. 1:08-cv-316, 2008 U.S. Dist. LEXIS 81701, at *20 (E.D. Va. 2008).[2]

In his Opposition, Plaintiff argues that his tort claims are not based upon contractual duties. For instance, he asserts that his negligence and constructive fraud claims are not based

---

[2] Although Plaintiff cites to *Rossman v. Lazarus*, No. 1:08cv316, 2009 U.S. Dist. LEXIS 17082 (March 5, 2009), in his Opposition, this case in no way supports his position as this case involved recovery of costs of service. (Opp'n 30.) In fact, in an earlier opinion, the Court in *Rossman,* 2008 U.S. Dist. LEXIS 81701, at *20 recognized that the relationship between a borrower and lender is defined entirely by contract. However, to the extent Plaintiff is suggesting Wells Fargo breached a fiduciary relationship, this allegation is absent from the Amended Complaint and, therefore, has no bearing on Defendants' Motion to Dismiss.

11

upon an express contract, but instead arise from the breach of duties under HAMP. (Opp'n 27, 28, 31, 32). However, as discussed above, Defendants are not (and cannot) be liable for alleged HAMP violations, notwithstanding Plaintiff's attempts to disguise these claims as tort claims. *See Bourdelais*, 2011 U.S. Dist. LEXIS 35507 (E.D. Va. April 1, 2011). "Plaintiff cannot rely on HAMP to define the scope of her modification rights while at the same time professing that her action persists without 'any reference to HAMP.'" *Id.* at *14. Just as in *Bourdelais*, the Amended Complaint illustrates that HAMP and its guidelines are indispensable to his tort claims. *Id.* at *13.

Plaintiff further asserts that his fraud claims are not based upon an express contract, but instead on "numerous interactions over a long period of time in which Wells Fargo repeatedly made numerous and various misrepresentations." (Opp'n 29). This allegation is not sufficient to convert Plaintiff's alleged claims into a tort action. These "numerous interactions" would not have occurred but for the existence of a contract. Thus, Plaintiff's tort based claims must be dismissed as they arise from contractual duties.

> H. **Plaintiff's fraud claims in Count 8 and 9 should be dismissed due to the failure to plead such claim with sufficient particularity, and the statute of limitations.**

Plaintiff's claims for fraud should be dismissed because he does not plead fraud with the requisite particularity to state a claim as required by Rule 9(b). A plaintiff must, at a minimum, describe the "'the time, place, and contents of the false representations,' as well as the identity of the party making the misrepresentation and what was obtained by making the misrepresentation.'" *Brown v. HSBC Mortg. Corp.*, No. 1:10-cv-1427, 2011 U.S. Dist. LEXIS 80943 (E.D. Va. July 22, 2011) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 779, 784 (4th Cir. 1999)). Specifically, Plaintiff fails to allege, with particularity, that he was told he would be granted a loan modification if he defaulted on his mortgage. Even in the

12

face of such an allegation, the claims for fraud should still be dismissed because fraud cannot be predicated on unfulfilled promises or statements as to future events or promises. *See Tate v. Colony Home Builders, Inc.*, 257 Va. 78, 84, 508 S.E.2d 597, 600 (1999).

Moreover, in his Opposition, Plaintiff fails to adequately explain how his reliance upon Defendants' alleged representations was reasonable. In the face of express written language requiring him to make his mortgage payments in a timely manner, Plaintiff simply cannot establish that he ***reasonably*** relied on any alleged representations. *See Kline v. Nationsbank of Va., N.A.*, 886 F. Supp. 1285, 1295-95 (E.D. Va. 1995) (dismissing fraud claim because the complaint failed to "alleg[e] with specificity how [plaintiff] reasonably relied on a particular, intentionally false statement to her detriment."); *Foremost Guar. Corp. v. Meritor Sav. Bank*, 910 F.2d 118, 126 (4th Cir. 1990) (holding that a plaintiff may not reasonably rely upon an oral statement when there is a contrary statement in writing.)

In addition, in Virginia, the statute of limitations for fraud is two (2) years, and it begins to run when the alleged fraud is discovered or should have been discovered by the exercise of reasonable diligence. Va. Code Ann. §§ 8.01-243, 8.01-249. As to any allegedly fraudulent conduct that occurred before June 22, 2009 (two years before the filing of this original Complaint on June 22, 2011), the two-year statute of limitations has expired. Accordingly, Counts 8 and 9 must be dismissed with prejudice.

I. **Count 10 should be dismissed because any declaratory judgment action has been rendered moot by the foreclosure sale.**

The Plaintiff seeks a declaratory judgment from the Court, declaring that the foreclosure sale/deed was void or voidable. (Am. Compl. ¶ 247). However, as previously set forth in the Motion to Dismiss, a declaratory judgment action is not a proper remedy because the foreclosure sale has already occurred. *Horvath*, 2010 WL 538039, at *9 (When foreclosure on a property has already occurred, as is the case here, "declaratory relief will serve no useful purpose.")

13

Additionally, Plaintiff's allegations in Count 10 merely offer a "formulaic recitation of the elements of a cause of action," requiring dismissal. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, Plaintiff's allegations are insufficient to form the basis of a claim for declaratory relief.

      **J.**    **This Court should strike Plaintiff's claim for punitive damages, attorneys' fees, and costs because the Plaintiff has failed to set forth a basis for these damages.**

To the extent the Complaint is not dismissed in its entirety, Plaintiff's request for punitive damages, attorneys' fees, and costs should be struck because there is no basis for such relief. Plaintiff is not entitled to punitive damages because such damages are not available in the absence of an independent willful tort. *See Princeton Woods, LLC v. PNC Bank, N.A.*, No. 1:09cv905, 2009 U.S. Dist. LEXIS 100877, at *21 (E.D. Va. Oct. 28, 2009). As stated above, Plaintiff's allegations supporting his tort claims all arise out of the contractual obligations of the parties and, therefore, are insufficient to support an independent tort. Moreover, Plaintiff's request for attorneys' fees and costs is based solely on his ECOA/VECOA claim, which this Court should also dismiss with prejudice, leaving no basis for such relief. Thus, to the extent that the Complaint is not dismissed (which it should be), this Court should strike Plaintiff's request for punitive damages, attorneys' fees and costs as there is no contractual or statutory basis for his claims.

III. **CONCLUSION**

For the foregoing reasons and for the reasons stated in Defendants' Memorandum in Support of their Motion to Dismiss Amended Complaint, this Court should grant Defendants' Motion to Dismiss and dismiss Plaintiff's Amended Complaint in its entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WELLS FARGO BANK, N.A.,
FEDERAL HOME LOAN MORTGAGE
CORPORATION
AND SAMUEL I. WHITE, P.C.


By: /s/ J. Bradley Reaves
Hunter W. Sims, Jr. (VSB No. 9218)
Email: hwsims@kaufacn.com
J. Bradley Reaves (VSB No. 71389)
Email: jbreaves@kaufcan.com
R. Ellen Coley (VSB No. 75970)
Email: recoley@kaufcan.com
Kaufman & Canoles, P. C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(757) 624-3169 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September 2011, a true copy of the foregoing Reply in Support of Defendants' Motion to Dismiss Amended Complaint has been electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Amy Disel Allman, Esquire
E-mail: amyd@vlas.org
Virginia Legal Aid Society, Inc.
155 East Washington Street
Suffolk, VA 23439-3359
Phone: (757) 539-3441
Fax: (757) 539-5142
*Counsel for Plaintiff*

Leonard A. Bennett, Esquire
E-mail: lenbennett@cox.net
Susan M. Rotkis, Esquire
E-mail: srotkis@clalegal.com
Consumer Litigation Associates, PC
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Phone: (757) 930-3660
Fax: (757) 930-3662
*Counsel for Plaintiff*

By: __/s/ J. Bradley Reaves__
Hunter W. Sims, Jr. (VSB No. 9218)
Email: hwsims@kaufacn.com
J. Bradley Reaves (VSB No. 71389)
Email: jbreaves@kaufcan.com
R. Ellen Coley (VSB No. 75970)
Email: recoley@kaufcan.com
Kaufman & Canoles, P. C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(757) 624-3169 Facsimile
*Counsel for Defendants
Wells Fargo Bank, N.A., Federal Home
Loan Mortgage Corporation and
Samuel I. White, P.C.*

11295616_1.DOC